# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2024

Lyle W. Cayce
Clerk

No. 23-20486
Summary Calendar

JULIEN SIMMONS, I,

*Plaintiff—Appellant*,

*versus*

CONSUMER ASSISTANCE GROUP, *U.S. Attorney's Office*; MICHELLE PARHAM, *U.S. Attorney's Office*; PNC BANK, HOUSTON PLAZA BRANCH; BRIAN THOMAS, *Managing Director of PNC Wealth Management*; ANNIE THOMAS, *PNC Bank Manager of Texas Houston Market Regional Headquarters Branch*; JULIE SUDDUTH, *PNC Regional President of Greater Houston*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-65

Before ELROD, HAYNES, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Julien Simmons, I, moves to proceed in forma pauperis (IFP) on appeal from an order of the district court granting a motion for

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

reconsideration; dismissing his claims against the Consumer Assistance Group and Michelle Parham (collectively, the Federal Defendants) as barred by sovereign immunity; and remanding his claims against PNC Bank, Brian Thomas, Annie Thomas, and Julie Sudduth (collectively, the PNC Defendants) to state court.   The Federal Defendants removed the action from state court pursuant to 28 U.S.C. § 1442(a)(1).

By moving to proceed IFP in this court, Simmons challenges the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry is "limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Simmons's argument that removal was improper fails because there is the requisite "'causal connection' between the charged conduct and asserted official authority." *Willingham v. Morgan*, 395 U.S. 402, 409 (1969) (citation omitted).  His contention that the district court erred in granting sovereign immunity to the Federal Defendants also fails. As the party asserting subject matter jurisdiction, Simmons had the burden of proof on the Federal Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). In addition, he had the burden to establish that the discretionary function exception of the Federal Tort Claims Act (FTCA) did not apply. *See Joiner v. United States*, 955 F.3d 399, 403 (5th Cir. 2020); *Life Partners Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011).  Although Simmons asserts that there was no evidence to support the dismissal of his claims against the Federal Defendants and that the district court erred by ignoring evidence filed before the pretrial conference, he makes no cogent argument that the district court erred in determining that his claims against the Federal Defendants were not within the scope of the FTCA and that the discretionary function exception applied.  As to his claims against the PNC Defendants,

Simmons has waived any challenge to the remand of such claims by failing to brief the issue. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

To the extent that Simmons complains of delay and untimely rulings by the magistrate judge and the district court and asserts that proper procedures were not followed because the scheduled pretrial conference was canceled and the case was stayed, he fails to demonstrate that there is a nonfrivolous issue for appeal given the broad discretion of the district court to control its own docket. *See Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 135 (5th Cir. 1987). Further, to the extent that Simmons is complaining of judicial bias, he also fails to raise a nonfrivolous issue, as the claims of bias are based on nothing more than adverse rulings, which, except in circumstances that are not present here, are insufficient to show judicial bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Simmons's concern that his appeal may be barred pursuant to 28 U.S.C. § 636(b)(1)(C) and *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc) is without foundation. Finally, although he asserts that his allegations regarding the defendants are true, and he argues that his "Final Court Order" proposes a proper verdict, these contentions fail to make the requisite showing. *See Howard*, 707 F.2d at 220.

Because Simmons has not demonstrated that there is a nonfrivolous issue for appeal, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; *see also* 5TH CIR. R. 42.2. Simmons's motion for an expedited ruling on his IFP motion is DENIED.